IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| NADINE MILLS, | * | |
| Plaintiff, | * | |
| v. | * | CASE NUMBER 1:06CV00581 |
| GORDON ENGLAND, | * | JUDGE: Paul L. Friedman |
| Defendant. | * | DECK TYPE: Employment Discrimination |
| | ***** | DATE STAMP: 03/30/2006 |

**ORDER**

Currently pending before the Court is Defendant's Motion to Dismiss or Transfer [4], which Plaintiff has not opposed. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004).

This Complaint arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17.[1] Title VII provides that a suit under its provisions may be bought in four possible jurisdictions:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have

---

[1] Defendant correctly notes that Plaintiff's allegations of discrimination and retaliation, putatively brought under 42 U.S.C. § 1981, must be treated as claims under Title VII. *See Brown v. General Servs. Admin.*, 425 U.S. 820 (1976) (holding that Title VII is the exclusive remedy for claims of discrimination in federal employment).

been brought.

42 U.S.C.A. § 2000e-5 (f)(3) (2006).

Defendant argues that venue is not proper in this case because Plaintiff has failed to show that this suit meets any of the conditions of Title VII's venue provision. The alleged unlawful employment practices occurred in the District of Columbia. *See* Compl. ¶ 4; *see also* McCafferty Aff., ¶ 4. Plaintiff's employment records are not maintained or administered in Maryland. McCafferty Aff., ¶ 2; Davis Decl., ¶ 2. Plaintiff's Complaint alleges that she would have worked in the District of Columbia but for the alleged unlawful employment practices. Finally, the principal office of Defendant is in Arlington, Virginia, not in Maryland. As Plaintiff has not produced any evidence to refute these facts, the Court finds Plaintiff's Title VII suit should not have been brought in this jurisdiction.

Having found that venue is improper, the Court will exercise its discretion under 28 U.S.C. § 1406(a) and transfer this matter to the District of Columbia. Section 1406(a) allows a court to transfer a case laying venue in the wrong jurisdiction. This statute reflects a policy favoring adjudications on the merits over dismissals. *See Porter v. Groat*, 840 F.2d 255, 257-58 (4th Cir. 1988). All evidence indicates that the suit could have originally been brought in the United States District Court for the District of Columbia. Thus, transferring this action to that forum would serve the interests of justice. For this and the aforementioned reasons, IT IS this 24th day of March, 2006, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendant's Motion to Dismiss or to Transfer [4] BE, and hereby IS, **GRANTED**;

2. That the case BE, and the hereby IS, **TRANSFERRED** to the United States District

Court for the District of Columbia;

    3.    That the Clerk of the Court **CLOSE** this case; AND

    4.    That the Clerk of the Court transmit copies of this Opinion and Order to all counsel of record.

_____
Alexander Williams, Jr.
United States District Judge

I hereby attest and certify on 03-28-06 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

3