IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NADINE D. MILLS, )
 )
   Plaintiff, )
 )
v. ) Civil Action No. AW-05-3370
 )
DONALD WINTER, )
SECRETARY OF THE NAVY, )
 )
   Defendant. )

## MOTION TO DISMISS[1] OR TO TRANSFER

Defendant, Donald Winter, in his official capacity as Secretary of the United States Navy, by and through counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jennifer A. Wright, Assistant United States Attorney for said District, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), to dismiss or transfer plaintiff's Complaint. In support thereof, Defendant states:

Plaintiff cannot meet her burden to show that venue is proper in Maryland under Title VII's special venue statute, 42 U.S.C. 2000e-5(f)(3), because: (a) all of the allegedly unlawful employment practices to which plaintiff's Complaint relates took place in Washington, DC; (b) the records of the personnel decision that plaintiff alleges were discriminatory are maintained at the Washington Navy Yard, in Washington, DC; (c) any of plaintiff's relevant employment records are maintained and administered in Silverdale, Washington; (d) plaintiff does not allege she was denied employment in Maryland because of the allegedly unlawful employment practices; and (e) the Secretary of the Navy's principal office is located at the Pentagon, in Arlington, Virginia.

---

[1] Defendant reserves the right to raise additional defenses to this Complaint once the Complaint is transferred to the appropriate venue.



Additional grounds supporting this Motion are set forth in the accompanying memorandum of law, which is incorporated herein.

WHEREFORE, Defendant respectfully requests that this Court dismiss the action pursuant to 28 U.S.C. § 1406(a).

                                       Respectfully submitted,

                                       Rod J. Rosenstein
                                       United States Attorney

                                       _____/s/_____
                                       Jennifer A. Wright
                                       Assistant United States Attorney
                                       Federal Bar No. 26465
                                       36 South Charles Street, 4th Floor
                                       Baltimore, MD 21201-2692
                                       (410) 209-4948 (phone)
                                       (410) 962-9947 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NADINE D. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. AW-05-3370 |
| ) | |
| DONALD WINTER, ) | |
| SECRETARY OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS OR TO TRANSFER

Defendant, Donald Winter, Secretary of the United States Department of the Navy, by Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jennifer A. Wright, Assistant United States Attorney for said District, submits the following memorandum in support of Defendant's motion, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), to dismiss or transfer this action.

## I. INTRODUCTION

Plaintiff's Complaint states that she was subjected to race and gender discrimination as well as retaliation for prior EEO activity when the position plaintiff held in the Naval Sea Systems Command's (NAVSEA) Facilities Management Division (SEA102) in Washington, DC was abolished, and management subsequently decided not to fill a GS-12 Facilities specialist position for which she competed, resulting in her assignment to the NAVSEA Placement Program (NPP). Complaint ¶¶ 2, 4, 8, 9.

Defendant contends that plaintiff's Complaint fails to establish proper venue in the District of Maryland and moves to dismiss or to transfer this action pursuant to 28 U.S.C. § 1406(a).

## II. FACTS

Plaintiff alleges that she was subject to discrimination while she was employed by the Department of the Navy, The Naval Sea Systems Command (NAVSEA), located at the Washington Navy Yard, Washington, DC  Complaint ¶¶ 2, 4, 8, 9. At all times relevant to these allegations, plaintiff worked in Washington, DC. Complaint ¶2, 4, 8, 9,10-14; Exhibit 1, Declaration of William D. McCafferty, ¶ 4. The records of the personnel decision that plaintiff alleges were discriminatory are maintained at the Washington Navy Yard, in Washington, DC. Exhibit 2, Declaration of Michael K. Davis, ¶ 2. The plaintiff's relevant employment records are maintained and administered in Silverdale, Washington. Exhibit 1, Declaration of William D. McCafferty, ¶ 4. Plaintiff does not allege she was denied employment in Maryland because of the allegedly unlawful employment practices. Finally, the Secretary of the Navy's principal office is located at the Pentagon, in Arlington, Virginia.

## III. ARGUMENT

In summary, the Court should dismiss or transfer plaintiff's Complaint because the District of Maryland is not the proper venue for her Complaint.

### A. Venue is not Proper in the District of Maryland

This Complaint arises from claims under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq.[1] However, contrary to plaintiff's complaint, venue in Maryland is not

---

[1] Plaintiff states in paragraph 3 of her Complaint that her action is brought pursuant to Title VII. Plaintiff's Complaint Count III and Count VI contain a header which reads "Section 1981 - deprivation of Civil Rights" and "Section 1981 - Retaliation" respectively. With respect Count III and Count VI alleging discrimination and retaliation, Title VII is the exclusive remedy. Brown v. General Servs. Admin., 425 U.S. 820, 825 (1976); Middlebrooks v. Thompson, 379 F.Supp.2d 774, 777 (D. Md. 2005) (J. Messitte); Hopes v. Roche, 2005 WL 1812820 (D. Md. August 2, 2005) (unpublished) (J. Bennett). Plaintiff, as an employee of the federal government, cannot sustain a

appropriate under 42 U.S.C. 2000e-5(f)(3).[2]

Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in one of four judicial districts. Specifically, the statute provides that a Title VII action may be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). In a situation in which the defendant cannot be brought before the court in any of (1)-(3) above, and only in that instance, venue will be proper where defendant's principal office is located. This statutory scheme reflects "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination."

---

cause of action under 1981 and thus, any claims under 1981 must be dismissed. Id.

[2]Even if this Court were to construe plaintiff's Complaint as alleging age discrimination (see footnote, 1), it should still transfer this action to the District of Columbia for the convenience of parties and witnesses and in the interest of justice. When a claim is made under the Age Discrimination in Employment Act (ADEA), venue is proper in any court with competent jurisdiction. Benton v. England, 222 F. Supp.2d 728, 731 (D. Md. 2002); In Re Munson, 2003 U.S. App. LEXIS 11734, at *2 (D.C. Cir. June 12, 2003). Using this general venue statute, plaintiff's age claim could properly be heard either in Virginia (where the Secretary "resides" – i.e., has his principal office), in Maryland (where plaintiff resides), or in the District of Columbia (where the alleged acts occurred). Id. However, since plaintiff's Title VII claim and any ADEA claim arise out of the same facts, judicial economy commands that these claims be heard together. Id. Since the appropriate venue for the Title VII claims is only the District of Columbia (see discussion in text, above), and the ADEA claim would be properly filed, as well, in the District of Columbia, this case should be transferred to the United States District Court for the District of Columbia "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see also Benton, 222 F. Supp.2d at (transferring ADEA claim along with Title VII and ADA claims from the District of Maryland to the District of Columbia).

3

When an objection to venue has been raised under Fed. R. Civ. P. 12(b)(3), it is the <u>plaintiff's</u> burden to establish that venue is proper in the judicial district in which the action was brought. <u>Safeco Ins. Co. of America v. Miller</u>, 591 F. Supp. 590, 597 (D. Md. 1984) (Young, J.).

In the instant case, Maryland does not meet the conditions for venue under the specific Title VII venue statute. First, the alleged unlawful employment practices – <u>i.e.</u>, the decision to eliminate the position encumbered by plaintiff and to not select for the GS-12 vacancy – occurred in 2003 at NAVSEA HQ located at the Washington Navy Yard, Washington DC. Complaint paragraph 4. <u>See also</u>, Exhibit 1, Affidavit of William D. McCafferty, paragraph 4 ("At all times relevant to this lawsuit, plaintiff's official duty station was located in Washington, DC."), plaintiff does not claim otherwise.

Second, plaintiff's employment records (<u>e.g.</u>, her Official Personnel Folder (OPF)) are not maintained and administered in Maryland, but in Silverdale, Washington. Exhibit 1, Declaration of William D. McCafferty, ¶ 2. Moreover, records of the personnel decisions surrounding the staff reductions that occurred at NAVSEA HQ in 2003 are maintained in Washington DC at the Washington Navy Yard – specifically, in the Human Resources Office of NAVSEA. Exhibit 2, Declaration of Michael K. Davis, ¶ 2. Plaintiff does not claim otherwise.

Third, Washington, DC is the district in which plaintiff would have worked but for the alleged unlawful employment practices. Plaintiff does not claim otherwise, and, in fact, had she been selected for the GS-12 Facilities Program Coordinator position, she would have still worked in SEA 102 location at the Washington Navy Yard.

Indeed, the <u>only</u> connection that this case has to Maryland is that plaintiff currently resides in Prince George's County, Maryland. Complaint ¶1. Plaintiff's residence, however, is plainly <u>not</u>

4

a factor under § 2000e-5(f)(3). E.g., Benton v. England, 222 F. Supp.2d 728, 731 (D. Md. 2002) (Chasanow, J.) ("plaintiff's place of residence is not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3). Maryland is therefore not an appropriate venue for the claims that Plaintiff has brought under Title VII...."). Accordingly, venue does not properly lie in the District of Maryland.

Based on all of the above, it is clear that venue for plaintiff's Title VII claims is not proper in Maryland, and instead lies in the District of Columbia.[3] A court may transfer a civil action to any district where the action could have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. 1404(a). The decision whether to transfer a case is committed to the sound discretion of the trial court. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993); Hayes v. RCA Service Co., 546 F. Supp. 661, 665 (D.D.C. 1982). In exercising this discretion, district courts have repeatedly held that the burden is on the plaintiff to show why transfer, rather than dismissal, would be in the interest of justice. Safeco Ins. Co. of America v. Miller, 591 F. Supp. at 597.

---

[3] Even if plaintiff were to attempt to rely on the fourth prong of the venue statute in 42 U.S.C. § 2000e-5(f)(3) to establish venue in Maryland, she would be unsuccessful. The fourth prong, available only "if the respondent is not found within any such district" covered by the three preceding categories, provides for the action being brought in the judicial district in which the respondent has his principal office. In the instant case, the principal office of the Defendant, Secretary of the Navy, is in Arlington, Virginia, in the Eastern District of Virginia, not in Washington, DC The Secretary merely receives mail through a Washington, DC address. Monk v. Secretary of the Navy, 793. F.2d. 364, 369 n.1 (D.C. Cir. 1986); Watkins v. West, 36 F.3d. 127 (D.C. Cir. 1994); Donnell v. National Guard Bureau, 568 F.Supp. 93, 94-95 (D.D.C. 1983).

However, plaintiff may properly have brought this action in the District of Columbia, where the allegedly unlawful employment practices occurred, where the records surrounding the employment practices are maintained, and where plaintiff and defendant's witnesses are employed.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Complaint should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

By: _____/s/_____
                Jennifer A. Wright
                Assistant United States Attorney
                Federal Bar No. 26465
                36 South Charles Street, 4th Floor
                Baltimore, MD 21201-2692
                (410) 209-4948 (phone)
                (410) 962-9947 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NADINE D. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. AW 05 CV 3370 |
| ) | |
| DONALD WINTER, ) | |
| SECRETARY OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF WILLIAM D. MCCAFFERTY**

I, William D. McCafferty, do hereby declare as follows:

1. I am the Director of the Command Human Resources/EEO Division (SEA 107) within the Corporate Operations Directorate (SEA 10) of the Naval Sea Systems Command (NAVSEA), Washington Navy Yard, Washington, D.C. I have held this position since October 1999.

2. Through the performance of my official duties, I am familiar with the system by which employment records of NAVSEA Headquarters employees are maintained. Since August 2001, the Official Personnel Folders (OPFs) of all current NAVSEA Headquarters employees are maintained by the Department of the Navy Human Resources Service Center Northwest, which is located in Silverdale, Washington.

3. The employment record of plaintiff, who is currently employed by NAVSEA Headquarters, is located in Silverdale, Washington. The Human Resources Office at NAVSEA Headquarters at the Washington Navy Yard can access copies of these records electronically through the Defense Civilian Personnel Data System (DCPDS).

Nonetheless, the official employment records of plaintiff are located and maintained in Silverdale, Washington.

4. At all times relevant to this lawsuit, plaintiff's official duty station was located in Washington, D.C.

I declare under penalty of perjury that the foregoing is true and correct.

MARCH 02, 2006
DATE

WILLIAM D. MCCAFFERTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NADINE D. MILLS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. AW 05 CV 3370 |
| DONALD WINTER, SECRETARY OF THE NAVY, | ) |
| Defendant. | ) |

**DECLARATION OF MICHAEL K. DAVIS**

I, Michael K. Davis, do hereby declare as follows:

1. I am the Director of the Facilities Management Division (SEA 102) within the Corporate Operations Directorate (SEA 10) of the Naval Sea Systems Command (NAVSEA), Washington Navy Yard, Washington, D.C. I have held this position since June 2001.

2. Through the performance of my official duties, I am familiar with civilian staffing reductions at NAVSEA Headquarters and Program Executive Offices that were mandated in July 2002 and implemented in the spring and summer of 2003. The civilian staffing reductions affected SEA 102 and required the office to reduce its civilian billets from 16 to 12 positions.

3. The records of the civilian staffing reductions in SEA 102 are maintained in the SEA 102 office at the Washington Navy Yard, Washington, D.C. and have been since

July 2002.

I declare under penalty of perjury that the foregoing is true and correct.

_____3/1/2006_____    _____
DATE                                MICHAEL K. DAVIS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NADINE D. MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. AW-05-3370 |
| | ) |
| DONALD WINTER, | ) |
| SECRETARY OF THE NAVY, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March 2006, I caused a true and correct copy of the foregoing Motion to Dismiss, together with a Memorandum, with exhibits, in support thereof, to be sent via first-class, postage-prepaid mail to the *pro se* plaintiff,

Nadine D. Mills
12404 Kingsview Street
Mitchellville, MD 20721
Plaintiff *Pro Se*

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　Jennifer A. Wright
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney