UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NADINE D. MILLS,                )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Civil Action No. 06-0581 (PLF)
                                )
DONALD WINTER,                  )
SECRETARY OF THE NAVY,          )
                                )
    Defendant.                  )

ANSWER

Defendant, Donald Winter, in his official capacity as Secretary of the United States Navy, by and through counsel, answers the complaint as follows:

FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes allegations or asserts claims in this Complaint that were not timely asserted or were abandoned at the administrative level, Plaintiff has failed to exhaust her administrative remedies.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are not cognizable under 42 U.S.C. § 1981; her exclusive remedy is through Title VII.

THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to litigate claims in this case that were the subject of her first administrative complaint in 2002, she has failed to timely raise them with this Court.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

FIFTH AFFIRMATIVE DEFENSE

Defendant denies any discrimination or retaliation against Plaintiff, but asserts that, regardless of any such claimed motivations, it would have taken the same personnel actions challenged by Plaintiff.

Defendant further answers the numbered paragraphs of the Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. Admit.

2. Admit the allegations in the first sentence. Deny that Plaintiff has exhausted her administrative remedies as to all claims articulated in this Complaint.

3. Defendant does not dispute that Plaintiff has brought this case pursuant to Title VII.

4. Admit only to the extent that Defendant is not contesting venue in this Court. Otherwise, deny.

5. Deny.

6. Admit.

7. Defendant states in response to the allegations in this paragraph that Dr. Donald Winter is the current Secretary of the Navy. The principal office of the Secretary of the Navy is in the Pentagon, which is located in Arlington, Virginia, in the Eastern District of Virginia.

Following Paragraph 7 of the Complaint are several unnumbered phrases that have no clear connection to one another, and Defendant is unable to discern the allegations they assert. Thus, Defendant denies them. Defendant also does not understand and therefore denies Plaintiff's statement that the "second formal complaint is

a continuum of the first formal complaint." Defendant further denies any retaliation.

8. Admit only to the extent that on October 10, 1999, Plaintiff was reassigned from the Naval Technical Representative Office ("NAVTECHREP") in Laurel, Maryland to the Naval Sea Systems Command ("NAVSEA") Headquarters ("HQ") in Arlington, Virginia as a GS-343-12 Management Analyst assigned to serve as Head, Property and Inventory Division (SEA 09A). (NAVSEA moved its operations to the Washington Navy Yard in the District of Columbia in July 2001). Defendant further admits that SEA 09, to which Plaintiff reported, comprised six divisions. Admit that the other Division Heads in SEA 09 were GS-13s except for one GS-14 who headed the Financial Support Division. Defendant is without knowledge to admit or deny what Plaintiff learned and when.

9. Defendant is without knowledge regarding what Plaintiff "noticed" or perceived. Defendant denies all other allegations in this paragraph.

10. Admit only to the extent that, on July 14, 2002, SEA 09A, SEA 91, and some other organizations were disestablished and a new directorate, Corporate Operations (SEA 10) was established. Individuals occupying positions in SEA 09A, including Plaintiff, and these other organizations were reassigned to new positions in SEA 10. Plaintiff was assigned to a GS-12 position in SEA 102, the Facilities Management Division of the Corporate Operations Directorate. Jerry Gregg, an African-American male, a GS-13, and a former employee of SEA 91, was also reassigned to SEA 102 as a GS-13 Branch Head. Deny that Plaintiff was forced to perform the duties of the Head, Property and Inventory Division following this reorganization. Admit that Gregg retired in January 2003. Admit that when Gregg was reassigned to SEA 102 management was

aware that Gregg would be retiring in January 2003.

11. Defendant is without knowledge regarding plaintiff's health or doctor's suggestions. It also has no record of a request by Plaintiff to work from home. Admit that two employees in the Facilities Branch were on extended leave related to complications during their pregnancies and that they each were allowed to telework from home for limited periods of time. One of these women was African American and the other was Caucasian. Otherwise, deny.

12. Deny.

13. Deny except to admit that, pursuant to a reorganization in 2003, SEA 102 comprised two components: the Business Management Branch and the Space/Facilities Management Branch.

14. Defendant is without knowledge regarding what Plaintiff was told. Deny that employees "had to compete for their current positions." Admit that the new structure of SEA 102 required a 25% reduction in then-current staffing levels, from 16 to 12 positions. Only one of the newly-established positions was a GS-12. Admit that Lynelle Paige, an African-American female who had previously held the position of Division Head, Property and Inventory Division, and Plaintiff were the two GS-12s in SEA 102 prior to the reorganization. Admit that Mike Davis and Mary Lou Rakosky met with Plaintiff and Paige to inform them regarding the one GS-12 position in the new organization for which they could compete. Admit that the proposed GS-12 position in the new organization was for a Facilities Program Coordinator. Admit that this position was different from Plaintiff's abolished position, and that Paige had prior experience in the facilities area. Deny the remainder of the allegations in this paragraph except to

admit that Ms. Paige was subsequently selected as a GS-343-13 Program Analyst, that the GS-12 position was eliminated from the new organization and no selection was made for the position, and that Earl Bradford was selected for a supervisory GS-343-13 Program Analyst position.

15. Admit only to the extent that Mr. Davis met with all members of his staff whom he believed might be eligible for retirement in order to inquire about their future plans and how those plans might impact the mandated downsizing.  Further admit that in May 2003, Davis met with Plaintiff to advise her that the GS-301-12 Facilities Program Coordinator position had been eliminated.  Deny the rest.

16. Admit only to the extent that, in order to accomplish the mandated reduction of civilian personnel, SEA 102 management proposed the elimination of four positions, including the GS-343-12 Management Analyst position encumbered by Plaintiff.  Admit that this decision was based, in part, on the fact that some of the functions of Plaintiff's position had been greatly reduced and some functions would be reduced or eliminated in the near future.  Admit that there were two branches in the new SEA 102 organization – the Business Management Branch and the Space/Facilities Management Branch.   Admit that the remaining functions of Plaintiff's former position were assigned to two positions in the new organization.

17.  Defendant is without knowledge regarding plaintiff's understanding of personnel policies.  However, there was no policy prohibiting competitive promotions.

18. Defendant is without knowledge to admit or deny the stated organizational structure, as no time period is specified.

19. Admit only to the extent that the proposed SEA 102 organization originally

included a GS-301 12 Facilities Program Coordinator position.  Deny that Plaintiff did not have an official position description since her arrival at NAVSEA HQ in 1999.  Defendant lacks sufficient knowledge to admit or deny whether Plaintiff would have qualified for several undescribed positions.

20. Admit that on or about June 11, 2003, Plaintiff was notified that she would be reassigned to a position in the NAVSEA Placement Program ("NPP") effective June 29, 2003.  Admit that Plaintiff was provided with a position description, Agency Position No. K0S3B118.  Admit that while assigned to the NPP, Plaintiff was given daily work assignments by Mary Lou Rakosky, who continued as her first-level supervisor.  Plaintiff was assigned duties in support of the Business Management Branch of SEA 102.  These duties were almost identical to those Plaintiff performed prior to her reassignment to the NPP.

21.  Admit that approximately 231 employees were placed in positions in the NPP.  Plaintiff was reassigned out of the NPP in May 2004.

22. Admit that Plaintiff was reassigned to a position in SEA 102 effective May 16, 2004.   Otherwise, deny.

23. Admit only to the extent that Andy Anderson (Caucasian male), a former contract employee who supported SEA 102, was selected as the GS-14 Branch Head for the Space/Facilities Management Branch in November 2004.

24.  Deny, except to admit that Paige became a Team Leader at the time she was selected as a GS-343-13.

25.  Admit that this was an accurate description of SEA 102 at the time of the Complaint except that James Hiepler was promoted to a GS-12 in December 2005.

26. Admit that SEA 102 has contractors supporting the office.  Admit that Dreher, Hiepler and Bruce have been promoted within the last year**.**  Deny the rest.

27.  Defendant is without knowledge regarding Plaintiff's alleged requests to promote persons under her supervision – i.e., prior to July 2002.  Admit only to the extent that Dreher and Hiepler were promoted under the supervision of Earl Bradford.

28.  Admit.

29.  Deny.

30.  Defendant herein realleges his responses to paragraphs 1 through 29.

31.  Deny.

32.  Deny.

33.  Deny.

34.  Deny.

35.  Defendant denies any discrimination.  Plaintiff's prayer for relief does not require a response.

36.  Defendant herein realleges his responses to paragraphs 1 through 25.

37.  Deny.

38.  Defendant denies any discrimination.  Plaintiff's prayer for relief does not require a response.

39.  Defendant herein realleges his responses to paragraphs 1 through 28.

40.  Deny.

41.  Defendant denies any discrimination.  Plaintiff's prayer for relief does not require a response.

The remainder of the Complaint consists of a prayer for relief, to which no

response is required. To the extent, however, that a response might be necessary, the Defendant denies that the Plaintiff is entitled to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint, however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a, and no punitive damages may be recovered.

  WHEREFORE, having fully answered, Defendant prays that this Complaint be dismissed with prejudice.

              Respectfully submitted,

              _____
              KENNETH L. WAINSTEIN
              DC Bar #451058
              United States Attorney

              _____
              RUDOLPH CONTRERAS
              DC Bar #434122
              Assistant United States Attorney

              _____
              KATHLEEN KONOPKA
              DC BAR #495257
              Assistant United States Attorney
              202/616-5309

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Answer has been made by mailing copies thereof to:

NADINE DENISE MILLS
12404 Kingsview Street
Mitchellville, MD 20721

on this ____ day of June, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309