UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NADINE D. MILLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) Civil Action No. 06-00581 (PLF) |
| | ) |
| DONALD C. WINTER | ) |
| Secretary Of The Navy | ) |
| U.S. Department of the Navy | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**FIRST AMENDED COMPLAINT**

1.  Plaintiff Nadine D. Mills, by and through undersigned counsel, hereby files this civil action against Defendant Donald C. Winter, Secretary of the Navy, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., She seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff by Defendant's unlawful retaliation against her for previously filing a formal complaint of discrimination (EEOC Case No. 100-A2-8053X) and discrimination against her on the basis of her race (African American) and sex (female).  After Plaintiff filed her formal complaint, Defendant withdrew her supervisory powers as a Division Director, reassigned her duties to other EES and

abolished her position, and later denied her a promotion to a GS-13 Facilities Specialist position. Plaintiff requests as relief: an immediate promotion to a GS-13 position, retroactive to the earliest date of proven retaliation or discrimination, with full back pay and benefits including interest; maximum compensatory damages; declaratory and injunctive relief; and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

### **PARTIES**

2.   Plaintiff Nadine D. Mills, an African American female and citizen of the United States, is a long-time employee of the Navy with more than 30 years of government service and over 13 years of experience as a supervisor she has been employed by Naval Sea Systems Command ("NAVSEA") headquarters for seven years. She resides at 12404 Kingsview Street, Mitchellville, MD 20721.

3.   Defendant Donald C. Winter is Secretary of the Navy and the head of the U.S. Department of the Navy, and as such, has ultimate authority over the actions of the Naval Sea Systems Command ("NAVSEA"). Defendant is sued in his official capacity only. His address is 1000 Navy Pentagon, Washington, DC 20350-1000.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 1981a.

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). The majority of Defendant's unlawful acts took place in the District of Columbia.

6. Ms. Mills timely initiated contact with Defendant's EEO Office regarding her claim of retaliation and discrimination on May 28, 2003, within 45 days of being denied the G-13 Facilities Specialist position on May 8, 2003. She was notified by Defendant of her right to file a formal retaliation and discrimination complaint by Agency letter dated July 22, 2003, and she timely did so on July 25, 2003. Plaintiff filed her initial Complaint in the above-captioned case more than 180 days after filing her formal EEO complaint. See 42 U.S.C. § 2000e-16(c).

**FACTS**

7. Plaintiff Nadine D. Mills is a highly qualified, civilian GS-12 Management Analyst for the Navy and has worked in similar positions for 30 years. Since Ms. Mills began her Navay

3

career in 1978, she has received only positive performance ratings and no letters of counseling or reprimands. In fact, Ms. Mills has earned several cash awards, eight performance awards, and two special awards.

8. In October 1999, Ms. Mills began working at NAVSEA as Director of the Property & Inventory Division, one of six divisions. Ms. Mills previously served as the Division Director of the Administration Department at the Naval Technical Representative Office in Laurel, MD (NAVTECHREP Laurel), which was disestablished. At the time of her reassignment to NAVSEA, Ms. Mills had already obtained 10 years of supervisory experience.

9. Mary Lou Rakosky (white female) was initially Ms. Mills' team leader and continuing supervisor. Beginning in 2001, Mike Davis (white male) became her second-level supervisor and Division Director.

10. Upon arriving at NAVSEA, Ms. Mills immediately became aware of the disparate treatment she received in comparison to the other Division Directors, all but one of whom were white. For example, the other Division Directors were assigned to GS-13 and GS-14 level positions, while Plaintiff, who was expected to perform similar duties, was the only GS-12 Director and paid at

a lower level. Also, the other Division Directors in Plaintiff's office were allowed to recruit, hire, and promote employees within their Divisions. Ms. Mills was not allowed to do any of these supervisory functions; Ms. Rakosky replaced employees within Plaintiff's Division with other personnel without Ms. Mills' knowledge or consent. Ms. Mills' authority was comparatively more limited in authority and more difficult because she was given the same job responsibilities as the other Division Directors but less authority to carry out those duties.

11. Ms. Mills' subordinates were also subjected to disparate treatment. They were forcibly overworked and underpaid in comparison to other Agency employees with similar duties. NAVSEA's physical move from Crystal City, Virginia to the Washington Navy Yard in the District of Columbia between January and July 2001 resulted in a particularly taxing workload, as four of the nine employees originally under Ms. Mills' supervision stopped working for her. Defendant did not provide Ms. Mills with timely replacements for these employees.

12. Despite these obstacles, Ms. Mills' Division continued to perform adequately, and she continued to receive positive performance ratings. Nevertheless, throughout her tenure, from October 1999 to July 2002, Plaintiff was never promoted and

remained the only GS-12 Division Director (only 1 of 6). When Ms. Mills arrived at NAVSEA, the other Divisions and Directors were: Travel Division (Donna Martin, GS-14, white); Occupational Safety and Health Division (Ken Davis, GS-13, white); Records Management Division (Sue Austin, GS-13, white); Admiral Gooding Center Division (Marsha Brown, GS-13, African American); and Facilities Division (Polly Dietz, GS-13, white).

13. Ms. Mills learned that the previous two Property & Inventory Division Directors had also been African American females and had also remained stagnated at the GS-12 level.

14. Ms. Mills first complained to Ms. Rakosky about the disparate treatment of her Division and was directed to talk with Everett Higgins, a Human Resources officer. Ms. Mills met with Mr. Higgins in October 2001, to share her concerns. However, he rebuffed her complaints, saying her staff did not have a high enough grade structure to justify her promotion to GS-13.

15. On December 12, 2001, shortly after meeting with Mr. Higgins, Plaintiff was notified that there would be a reorganization and that her functions would be divided and incorporated into other Divisions. Half of the Property & Inventory Division staff would be reassigned to the Records Management Division,

6

and the other half reassigned to the Facilities Division. Ms. Mills was placed into the Records Management Division under the supervision of her former colleague Sue Austin, a white female. Thus, she had her supervisory duties taken away from her

16. Ms. Mills refused to be silenced on January 22, 2002, she initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of disparate treatment based on race and sex. Ms. Mills claim detailed the disparate treatment experienced by the Property & Inventory Division. Ms. Mills listed Ms. Rakosky and Mr. Davis as the responsible management officials in her complaint, and they were both subsequently interviewed by the EEO Counselor. The EEO Counseler's Report was completed on March 20, 2002.

17. In October 2002, Defendant assigned Jerry Gregg, a GS-13 African American male, to replace Plaintiff as the leader of her Division, which was subsequently renamed Property & Command Support. At the time of Mr. Gregg's arrival, he had already given his intention to take a forthcoming retirement buy-out. Consequently, Ms. Mills was stripped of her authority, yet she was still required unofficially to carry out the duties of Division Director. The fact that Mr. Gregg was a GS-13 contradicted Defendant's earlier claims — as articulated by Mr.

Higgins — that the staff makeup of the Division did not justify Plaintiff's promotion to GS-13.  The grade structure of the staff within the Division had remained the same as it was under Ms. Mills' supervision.  Mr. Gregg soon retired in January 2003.

18.  After Mr. Gregg's retirement, Ms. Mills' was not reinstated as Division Director.  Instead, her duties were again divided amongst other personnel.  She was given menial tasks.

19.  The unfair treatment and abrupt transitions began to take a serious toll on Ms. Mills' health.  In November 2002, her doctor recommended that she be medicated and take time off from her stressful work environment. Ms. Mills tried to implement her doctor's request by making a request to telework from home. This was denied.  Ms. Mills was aware of two white females whom Defendant had allowed to telework for an extended period of time.  Ms. Mills was also denied workers' compensation.  Upon her doctor's recommendation, Ms. Mills began therapy at Bowie Counseling Services for a year starting in December 2002.

20.  On December 12, 2003, Ms. Mills was given notice of another Command-wide reorganization.  She was informed that her functions would again be divided and incorporated into the Command and the Facilities Divisions.

21. On May 8, 2003, Mr. Davis notified Ms. Mills that her functions would stay within NAVSEA, but that her position was being eliminated. Moreover, she was informed that she would have to compete for a position with Lynn Paige, an African American female Facilities worker and the only other GS-12 left within the Divisions. Mr. Davis told Ms. Mills that the reason for the competition was that the new organizational structure only called for one GS-12 position.

22. Ms. Mills then learned that the open position for which she was expected to compete had been written up as a Facilities Specialist. Ms. Mills was currently a Management Analyst, and Ms. Paige was already working in the Facilities Division. The requirements for the Facilities Specialist position, as advertised in the vacancy announcement, mirrored Ms. Paige's Facilitie's duties at that time.

23. Although Ms. Mills was listed on the Certificate of Eligibles for the Facilities Specialist position and was supposed to be one of two "competitors", she was never interviewed. Instead, Mr. Davis called her into his office and suprisingly asked if she was considering an early-out retirement. At that time, Ms. Mills was 51 years old, and she would have been penalized with a lower pension for each year of

retirement under the age of 55.  Thus, she informed Mr. Davis that she had no present intention of retiring.

24.  The next day, Ms. Mills was informed that Ms. Paige was given the GS-12 Facilities Specialist position and simultaneously promoted to GS-13.  Mr. Davis was the deciding official for the selection and promotion.  The position was never re-advertised as a GS-13, and no GS-12 position was filled.  Ms. Mills was performing duties that made her eligible for a promotion to GS-13, but she was not given the opportunity to apply for a promotion.  Ms. Mills was left without a job.

25.  After Defendant eliminated Plaintiff's supervisory authority, reassigned her critical supervisory functions, and subsequently abolished her job, Ms. Mills refused to remain silent about what she considered to be Defendant's discriminatory and retaliatory actions.  She contacted Defendant's EEO Office a second time on May 28, 2003, regarding her complaint of retaliation related to non-selection for the GS-13/GS-12 Facilities Specialist position.  The complaint alleged that Ms. Paige had been pre-selected for the position, and identified Mr. Davis and Ms. Rakosky as the responsible officials.

26. On June 11, 2003, Ms. Mills was placed in the NAVSEA Placement Program ("NPP") and temporarily reassigned back into her previous staff position. While on NPP, Ms. Mills received her first Position Description since arriving at NAVSEA in October 1999. Her temporary assignment fell under the new Business & Special Projects Section, and she was once placed under Ms. Rakosky's supervision. Defendant assigned 231 employees to NPP as part of the Command-wide reorganization, and all of them were placed into permanent positions except for 24 people, including Ms. Mills.

27. For a year, Ms. Mills' employment status remained indeterminate while she waited on the NPP list. Finally, in June 2004, Ms. Mills was permanently reassigned to her old gs-12 non-supervisory position, although her functions had supposedly been dissolved.

## CAUSES OF ACTION

### COUNT I

28. Based upon the facts described in the preceding paragraphs, Defendant unlawfully retaliated against Plaintiff Nadine D. Mills for filing a previous EEO complaint in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq, when it abolished her GS-12 job, made her

11

compete for her position, failed to advertise the position, did not interview her, selected another employee for the position and promoted the employee to GS-13, failed to consider her for the GS-13 promotion, and then kept her employment status indeterminate for a year, in violation of its own personnel procedures.

## COUNT II

29. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Nadine D. Mills on the basis of her race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq, when it abolished her GS-12 job, made her compete for her position, failed to advertise the position, did not interview her, selected another employee for the position and promoted the employee to GS-13, failed to consider her for the GS-13 promotion, and then kept her employment status indeterminate for a year, in violation of its own personnel procedures.

## COUNT III

30. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Nadine D. Mills on the basis of her sex (female)in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, <u>et seq</u>, when it abolished her GS-12 job, made her compete for her position, failed to advertise the position, did not interview her, selected another employee for the position and promoted the employee to GS-13, failed to consider her for the GS-13 promotion, and then kept her employment status indeterminate for a year, in violation of its own personnel procedures.

## **RELIEF REQUESTED**

31.   Plaintiff requests the following relief:

    a.   An immediate appointment of Plaintiff to a GS-13 position, with the appointment being retroactive to the earliest date of proven retaliation or discrimination;

    b.   Full back pay, with interest, and benefits from the date of Plaintiff's non-promotion to the date of judgment;

    c.   Maximum compensatory damages to which Plaintiff is entitled after proof at trial up to the maximum of $300,000;

    d.   Appropriate record correction consistent with the facts of this case and the above-requested relief;

    e.   An injunction enjoining Defendant from discriminating or retaliating against any employee, including Plain-

tiff; with appropriate notices of the Injunction posted at the NAVSEA headquarters;

 f. The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

 g. Such other relief as the Court deems just and appropriate.

### JURY TRIAL

32. Plaintiff requests a trial by jury on all issues that are triable by jury.

/s/
_____
JOSEPH D. GEBHARDT
 (D.C. Bar No. 113894)
CHARLES W. DAY, JR.
 (D.C. Bar No. 459820)
VALENCIA R. RAINEY
 (D.C. Bar No. 435254)
MARK A. DANN
 (D.C. Bar No. 484523)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, D.C. 20036-4716
(202) 496-0400

August 18, 2006  Attorneys for Plaintiff