UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NADINE D. MILLS,                )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Civil Action No. 06-0581 (PLF)
                                )
DONALD WINTER,                  )
SECRETARY OF THE NAVY,          )
                                )
    Defendant.                  )

ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Donald Winter, in his official capacity as Secretary of the United States Navy, by and through counsel, answers the First Amended Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes allegations or asserts claims in this First Amended Complaint that were not timely asserted or were abandoned at the administrative level, Plaintiff has failed to exhaust her administrative remedies.

SECONDAFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to litigate claims in this case that were the subject of her first administrative complaint in 2002, she has failed to timely raise them with this Court.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies any discrimination or retaliation against Plaintiff, but asserts that, regardless of any such claimed motivations, it would have taken the same personnel actions challenged by Plaintiff.

Defendant further answers the numbered paragraphs of Plaintiff's First Amended Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. Defendant does not dispute that Plaintiff has brought this case pursuant to Title VII. Defendant denies any unlawful discrimination or retaliation and denies that Plaintiff is entitled to any relief.

2. Admit that Plaintiff is an African American female, a citizen of the United States, and that she resides at 12404 Kingsview Street, Mitchellville, Maryland. Admit that she has worked for the Department of the Navy for over 25 years and for the Naval Sea Systems Command ("NAVSEA") since October 1999. Defendant lacks sufficient knowledge to admit or deny facts regarding her supervisory experience.

3. Defendant states in response to the allegations in this paragraph that Dr. Donald Winter is the current Secretary of the Navy. The principal office of the Secretary of the Navy is in the Pentagon, which is located in Arlington, Virginia.

4. This paragraph contains Plaintiff's jurisdictional statement to which no response is required.

5. Admit only to the extent that Defendant is not contesting venue in this Court. Otherwise, deny.

6. Admit only to the extent that Plaintiff contacted the Defendant's EEO office on May 28, 2003, that she received a Notice of Right To File A Discrimination Complaint on July 22, 2003, and that she filed a formal administrative complaint on July 25, 2003. In regard to the allegations in the last sentence of this paragraph, Defendant avers that a final agency decision ("FAD") was issued; Plaintiff appealed the FAD to the EEOC, which affirmed the agency's decision on September 15, 2005. Plaintiff filed her Complaint within 90 days of this decision.

7. Admit only to the extent that Plaintiff is a civilian employee of the Department of the Navy and has served in Management Analyst positions since March 1992. She is presently a YA-343-02 Management Analyst, having been converted from the GS-system to the National Security Personnel System [NSPS] on April 30, 2006. Defendant further admits that Plaintiff began her employment with the Navy in 1978. Defendant lacks sufficient knowledge to admit or deny that Plaintiff has received only positive performance ratings and has never received any letters of counseling or reprimands during her entire Navy tenure. Defendant admits that Plaintiff has received performance awards during her Navy tenure.

8. Admit to the extent that on October 10, 1999, Plaintiff was reassigned from the Naval Technical Representative Office ("NAVTECHREP") in Laurel, Maryland to NAVSEA Headquarters in Arlington, Virginia as a GS-343-12 Management Analyst assigned to serve as Head, Property and Inventory Support Services Division (SEA 09A). (NAVSEA moved its operations to the Washington Navy Yard in the District of

Columbia in July 2001). Defendant lacks sufficient knowledge to admit or deny that NAVTECHREP was disestablished at that time, or that Plaintiff served as Division Director of the Administration Department at NAVTECHREP and had obtained 10 years' supervisory experience at the time of her reassignment to NAVSEA.

9. Denied. Defendant avers that, in June 2001, Michael Davis assumed the position of Director of SEA 09A and became Plaintiff's first-level supervisor.

10. Defendant denies any unlawful discrimination and is without knowledge regarding the progression of Plaintiff's perceptions. Admit that at the time of Plaintiff's reassignment to NAVSEA in October 1999, other Division Heads in SEA 09 were GS-13s, except for one GS-14 who headed the Financial Support Services Division. Defendant further avers that, of the six Division Heads in SEA 09A, four were Caucasian and two, including Plaintiff, were African American. Defendant denies all other allegations in this paragraph.

11. Defendant either lacks sufficient knowledge or denies all allegations in this paragraph except admits that NAVSEA Headquarters began moving employees from Crystal City, Virginia to the Washington Navy Yard, DC in early 2001.

12. Defendant either lacks sufficient knowledge or denies the allegations in the first sentence, except to admit that Plaintiff received acceptable performance ratings in 2000, 2001, and 2002. Defendant admits that, from October 1999 to July 2002, Plaintiff was a GS-343-12 Management Analyst. In regard to the remaining allegations in this paragraph, Defendant avers that, when Plaintiff began her employment at NAVSEA, the other Division heads in SEA 09A were as follows: Financial Support Services Division -- Donna Martin, GS-14, white; Safety Support Services Division -- Ken Davis, GS-13,

white; Events and Graphics Management Support Services Division -- Marsha Brown, GS-13, African American; Records, Documentation and Mail Support Services Division -- Sue Austin, GS-13, white; Facilities and Security Support Services Division -- Polly Dietz, GS-13, white.

13. Defendant is without knowledge to admit or deny what Plaintiff learned.

14. Admit only to the extent that Plaintiff spoke with Everett Higgins sometime in 2001 about upgrading her position to the GS-13 level. Otherwise, deny.

15. Admit only to the extent that in late December 2001 or early 2002, the functions performed by the Property and Inventory Support Services Division were temporarily divided and incorporated into two other divisions in SEA 09A, and that the staff of this Division was unofficially divided between the two other divisions. However, this reorganization was never formally effected because SEA 09A was disestablished in July 2002 and was reorganized as part of SEA 10.

16. Admit only to the extent that Plaintiff initiated EEO counseling on January 22, 2002, regarding her belief that she was discriminated against based on her race and sex when she was notified on December 12, 2001, that there would be a reorganization of SEA 09A and that her functions would be divided and incorporated into two other divisions. Defendant further admits that Plaintiff named Mary Lou Rakosky and Michael Davis as responsible management officials, that the EEO counselor interviewed them, and that the EEO counselor report was completed on March 20, 2002.

17. Admit only to the extent that SEA 09A, SEA 91, and some other organizations in NAVSEA were disestablished and a new directorate, Corporate Operations (SEA 10) was established on July 14, 2002. Individuals occupying positions

in SEA 09A and these other organizations, including Plaintiff and Jerry Gregg, were reassigned to new positions in SEA 10.  Mr. Gregg, an African American male, who had served as a GS-13 in SEA 91, was reassigned to the new Corporate Operations (SEA 10) Directorate in the Facilities Management Division (SEA 102) as a GS-13 Branch Head for the Property and Command Support Branch.  Plaintiff was reassigned to a GS-12 position in SEA 102.  Defendant further admits that when Gregg was reassigned to SEA 102, management was aware that Gregg would be, and in fact, did retire in January 2003.  Defendant denies all other allegations in this paragraph.

18.  Deny.  Defendant specifically avers that the July 2002 reorganization abolished Plaintiff's former position of Division Head, so "reinstate[ment]" would have been impossible.

19.  Defendant denies any unfair treatment and is without knowledge regarding Plaintiff's  health, treatment, or her doctor's suggestions.  Defendant further avers that it has no record of a request by Plaintiff to work from home.  Defendant admits that two employees in the Space/Facilities Management Branch were on extended leave related to complications during their pregnancies and that they each were allowed to telework from home for limited periods of time; however, Defendant denies that both women were white.  One of these women was African American and the other was Caucasian.  Defendant is without knowledge to admit or deny that Plaintiff filed a claim for worker's compensation.

20.  Deny.

21.  Admit only to the extent that Mr. Davis met with Plaintiff and advised her that the position she encumbered would be eliminated from SEA 102  new fiscal year

(FY) 2004 organization. However, this meeting took place in late February 2003. Defendant further admits that during this same time period Mr. Davis and Ms. Rakosky met with Plaintiff and Lynelle Paige, an African American female who was serving as a GS-12 in SEA 102, and informed them that there would be only one GS-12 position in the new FY 2004 organization for which they could compete. Otherwise, deny.

22. Defendant is without knowledge regarding what Plaintiff learned and when. Defendant admits that the proposed GS-12 position in the new FY 2004 organization was for a GS-301-12 Facilities Program Coordinator. Defendant further admits that Plaintiff was serving as a GS-343-12 Management Analyst and that Ms. Paige was serving as a GS-301-12 Office Facilities Specialist, and that many of the duties of the GS-301-12 Facilities Program Coordinator position were similar to those assigned to the GS-12 Office Facilities Specialist position encumbered by Paige.

23. Defendant admits the allegations of the first sentence. In regard to the second sentence, Defendant avers that, prior to proposing a new FY 2004 organization, Mr. Davis met with all members of his staff whom he believed might be eligible for retirement in order to inquire about their future plans and how those plans might impact the mandated downsizing. Defendant admits the allegations in the third sentence and that Plaintiff told Davis that she had no present intention of retiring.

24. Deny. Defendant avers that, in May 2003, Davis advised Plaintiff that the GS-301-12 Facilities Program Coordinator position had been eliminated from the FY 2004 organization and that no selection would be made for this position. Ms Paige was selected for a GS-13 Program Analyst position in the new organization.

25. Admit only to the extent that Plaintiff contacted Defendant's EEO office on May 28, 2003, and alleged that Ms. Paige had been pre-selected and identified Davis and Rakosky as responsible management officials. Otherwise, deny.

26. Admit to the extent that on or about June 11, 2003, Plaintiff was notified that she would be reassigned to a position in the NAVSEA Placement Program ("NPP") effective June 29, 2003, that she was provided with a position description, Agency Position No. K0S3B118, and that she was given daily work assignments by Mary Lou Rakosky. Defendant further admits that, while in the NPP, Plaintiff was assigned duties in support of the Business and Special Projects Branch (also referred to as the Business Management Branch) of SEA 102. Defendant admits the allegations of the last sentence only to the extent that 231 employees were placed into positions in the NPP as part of a Command-wide realignment.

27. Deny except to admit that Plaintiff was assigned to a GS-12 position in the NPP for almost one year and that she was reassigned out of the NPP to a GS-12 position in SEA 102 effective May 16, 2004.

28. Defendant herein realleges his responses to paragraphs 1 through 27 and denies the allegations in this paragraph.

29. Defendant herein realleges his responses to paragraphs 1 through 27 and denies the allegations in this paragraph.

30. Defendant herein realleges his responses to paragraphs 1 through 27 and denies the allegations of this paragraph.

31. This paragraph consists of a prayer for relief, to which no response is required. To the extent, however, that a response might be necessary, the Defendant

denies that the Plaintiff is entitled to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint, however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. 1981a.

32. This paragraph consists of Plaintiff's jury demand to which no response is required.

WHEREFORE, having fully answered, Defendant prays that this First Amended Complaint be dismissed with prejudice.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS
DC Bar #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA
DC BAR #495257
Assistant United States Attorney
202/616-5309