IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NADINE D. MILLS       )
                        )
    Plaintiff,     )
                        )
      v.          )     Civil Action No. 06-0581 (PLF)
                        )
DONALD WINTER,    )
Secretary of the Navy,  )
                        )
    Defendant.     )

## DECLARATION OF MICHAEL K. DAVIS

I, Michael K. Davis, hereby declare the following to be true and correct:

1.  I am a YC-343-3 Supervisory Program Analyst and am employed by the Department of the Navy, Naval Sea Systems Command (NAVSEA) at the Washington Navy Yard, DC.  Prior to converting to this position under the National Security Personnel System on May 1, 2006, I was a GM-343-15 Supervisory Program Analyst.

2.  At all times relevant to plaintiff's Amended Complaint, I served as the Director of the Facilities Management Division (SEA 102) of the Corporate Operations Directorate (SEA 10).  In this capacity, I was plaintiff's second-level supervisor. I reported to Bonita Flynn, the Deputy Commander for Corporate Operations, and Gary Humes, the Deputy Director of SEA 10.

3.  During the relevant time period, Mary Lou Rakosky

served as Deputy Director of SEA 102 and as the head of the Business Management Branch of SEA 102. She was plaintiff's first-level supervisor until plaintiff's reassignment on June 29, 2003.

4. In June 2002, Ms. Rakosky recommended and I approved a monetary award for plaintiff in the amount of $750. Attachment 1.

5. On July 15, 2002, NAVSEA's Executive Director (SEA 00B), Pete Brown, advised that civilian staffing reductions of 18% or greater were likely at NAVSEA Headquarters (HQ) for fiscal year (FY) 2004.

6. In December 2002, Brown issued further guidance on the required reductions and the means by which the FY 2004 organization would be staffed. Attachment 2. In particular, the guidance provided for some management directed reassignments (MDRs), but for the majority of positions, the guidelines provided for "competitions" for lateral reassignment to positions in the FY 2004 organization. Id., Enclosure (1), pp. 2-3.

7. The guidelines also described what would occur after completion of the "competitions" for lateral reassignments. It was anticipated that some employees would not be selected for lateral reassignments and would thus occupy positions which were to be abolished by the end of FY 2004. Id., Enclosure (1), pp.

4-6.  Those employees would be placed in positions in the NAVSEA
Placement Program (NPP) and would be realigned to the
Directorate which was most closely associated with their skills.
Id.  It was further anticipated that as vacancies arose in
continuing positions in approved FY 2004 staffing plans, NPP
members would be provided mandatory priority lateral
reassignment into those positions for which they qualified.  Id.
Only if an employee in the NPP was not placed into a continuing
FY 2004 position, would he/she face the possibility of a
reduction-in-force (RIF).  Id.

    8.  I was advised that SEA 102 would be required to reduce
the number of its civilian billets by 4.  At the time, SEA 102
had 16 civilian employees, including two GS-12s.  Plaintiff held
one of the two GS-12 positions; the other was held by Lynnelle
Paige, who was serving as a GS-301-12 Office Facilities
Specialist.

    9.  SEA 10 advised that "grade controls" restricted SEA 102
to the following grade structure:  one GS-15; one GS-14; two GS-
13 positions; one GS-12; 5 GS-11s; and two GS-7s.  Attachment 3.

    10.  In order to determine how to structure SEA 102's FY
2004 organization, I consulted with Ms. Rakosky.  We considered
each position in SEA 102 in terms of the office's current
functions and its projected future functions.  After determining
what functions the office would be required to perform in FY

2004, as well as those it would no longer be needed to perform, I proposed a staffing plan that included 12 employees: one GM-343-15; one GS-434-14; two GS-343-13s; one GS-301-12; five GS-11s; and two GS-2005-07s. One of the two GS-13s would be a supervisory position. I asked two of my employees, Earl Bradford and Sam Height, to begin drafting new position descriptions for these 12 positions.

11. There was a continued need for SEA 102 employees to perform facilities work in FY 2004. As such, I decided to create three facilities positions in the FY 2004 organization. The positions included a GS-301-12 Facilities Program Coordinator position and two GS-343-13 Program Analyst positions. One of the GS-13s would be supervisory.

12. I determined that the organization did not have a significant continued need for a GS-12 to perform the functions of the GS-343-12 Management Analyst encumbered by plaintiff. The functions of the GS-343-12 position included planning for the transition to the Navy-Marine Corps Intranet (NMCI), inventory or property management, and managing the loading dock. In particular, I determined that once the transition to NMCI was completed in approximately December 2003, those functions of the GS-343-12 position for NMCI planning would be greatly reduced.

13. I also determined that those functions of the GS-343-

12 position with regard to inventory management had already been reduced significantly.  In particular, under recent changes to the Defense Properly Accounting System (DPAS), we were no longer required to inventory all property (e.g., chairs, tables, and coat racks) but rather only high-value assets such as computers. In addition, there had already been a transition of responsibility for computer assets to SEA 00I.  These changes had already resulted in a significant reduction in the inventory responsibilities of the GS-343-12 position.

14.  I further determined that the only undiminished remaining function of the GS-343-12 position was management of the loading dock and that this function could not support a GS-12 billet.  I decided that I could reassign the loading dock duties to one of the GS-7 positions and the remaining inventory functions of the GS-12 billet to one of the GS-11 positions.

15.  In mid-February 2003, Ms. Flynn approved the staffing plan I proposed for SEA 102's FY 2004 organization.

16.  During this time period, all NAVSEA HQ employees were strongly encouraged to submit their resumes to appropriate "open continuous vacancy announcements" in the Standard Automated Inventory Referral System (STAIRS) in order to be considered for noncompetitive lateral assignment to positions in the new FY 2004 organization.

17.  In late February 2003, I met individually with each

employee in SEA 102 to discuss the realignment.  I met with
those individuals who, consistent with Mr. Brown's guidance,
would be placed into positions via MDR.  I also met with those
individuals who would be "competing" for lateral reassignment
into one of the remaining 7 positions in the FY 2004
organization. I met with these employees individually and by
groups of employees by grade.  In particular, I met with
plaintiff and Ms. Paige since both would be "competing" for
lateral reassignment to a GS-12 position in the FY 2004
organization.   I advised plaintiff and Ms. Paige that the GS-12
position would be in the area of facilities management, and I
described some of the duties of the position.

18.  Consistent with Pete Brown's guidance, 5 employees,
including myself and Ms. Rakosky, were placed into new positions
in the FY 2004 organization by MDR.  I was reassigned into a GM-
343-15 position; Ms. Rakosky was assigned to a GS-343-14
position; Darrel Dreher was reassigned to one of the GS-2030-11
positions; and Tawanna Tobias and James Hiepler were each
assigned to a GS-2005-07 position.

19.  During this same time period, consistent with Brown's
guidance, SEA 102 requested selection certificates from the
Human Resources Service Center, Northwest (HRSC NW) for those
SEA 102 positions for which there would be "competition" for

lateral reassignment, including the two GS-343-13 positions and the GS-301-12 position.

20.    Thereafter, HRSC NW generated a noncompetitive certificate of 2 individuals qualified for the GS-301-12 Facilities Program Coordinator position.  Plaintiff and Lynnelle Paige were listed on this certificate.

21.    A few days later, HRSC NW generated a noncompetitive certificate of 4 individuals qualified for the GS-343-13 Program Analyst positions.  Joseph Anderson, Samuel Height, Earl Bradford, and Lynnelle Paige were the individuals listed on this certificate.  Attachment 4.

22.    I asked Ms. Rakosky to reconfirm that Paige's name was properly on the certificate for lateral reassignment to a GS-13 position.  Ms. Rakosky later advised me that human resources personnel had confirmed that Ms. Paige was properly on this certificate since she had previously successfully competed for selection to, and had served in, a GS-13 position.  Thus, Ms. Paige was eligible for a noncompetitive lateral reassignment to a GS-13 position.

23.    After a three-member panel reviewed the written applications of the 4 candidates for the GS-13 positions, they interviewed each candidate.  Following the interviews, I met with the panel members and was advised that Paige had scored the

highest during the interview and that she was rated the highest overall among the candidates.

24.   After learning that Ms. Paige was qualified for a noncompetitive lateral reassignment to the GS-13 level and had been rated as the most qualified of the candidates, I began to re-evaluate the staffing plan that I had submitted to Ms. Flynn. I believed that there was a significant amount of facilities work at the GS-13 level to justify a request for a second nonsupervisory GS-13 in the FY 2004 organization.  I believed that this was an optimal time to request creation of an additional GS-13 position.

25.   Ms. Rakosky and I then met with Ms. Flynn and Mr. Humes, and I requested permission to create a second nonsupervisory GS-13 position.   I explained that the best way to accomplish the facilities work was to have two branch heads (each a nonsupervisory GS-13) reporting to a supervisory GS-13. Each branch head would be responsible for one of the two NAVSEA buildings at the Washington Navy Yard.  I further told Ms. Flynn that I had a highly recommended candidate, Ms. Paige, who was eligible for a noncompetitive lateral reassignment to a GS-13 position, and that I had long wanted to give Ms. Paige an opportunity for promotion but had previously been limited by grade controls in my organization.  I told Ms. Flynn that I wanted to select Paige for a GS-13 position.

26. I told Ms. Flynn that even if my request for another GS-13 position was not approved, I would still select Ms. Paige for the GS-12 position since she was more qualified for the position than plaintiff, based on my review of their written applications and my personal knowledge of the work done by both plaintiff and Ms. Paige.

27. Ms. Flynn advised me that since there were restrictions on the number of GS-13s I could have in SEA 102, she would seek permission from Pete Brown to create the additional GS-13 position. Flynn told me that the Human Resources office would have to classify the position at the GS-13 level. She also advised that if Brown approved the additional GS-13 position, I would not be able to fill the GS-12 position.

28. Mr. Brown approved the request for the additional GS-13 position, and the Human Resources office classified the position at the GS-13 level. Then, on May 8, 2003, I selected Lynnelle Paige and Samuel Height for the two nonsupervisory GS-13 positions and Earl Bradford for the supervisory GS-13 position. Attachment 4. I met with plaintiff and advised her that I had requested and received permission to fill another GS-13 position instead of the GS-12 position. I advised her about the reasons for this decision, and that I had selected Paige for the position. I explained that Paige's name appeared on the

certificate for the GS-13 positions because she had previously
served as a GS-13.

29.  No selection was made from the Noncompetitive
Certificate for the GS-12 position since the position was
eliminated from the FY 2004 organization.

30.  After completion of all "competitions" for lateral
reassignment, plaintiff and three other SEA 102 employees -
Joseph Anderson, Stephanie Wood, and Michael Moore - remained
unassigned to any position in the FY 2004 organization.  As a
result, all four were assigned to positions in the NPP.

31.  In particular, on June 29, 2003 plaintiff was
reassigned to a GS-343-12 Management Analyst position supporting
SEA 102, consistent with Brown's guidance.  Plaintiff remained
located in SEA 102 spaces and continued to perform work for the
Business Management branch as assigned by Ms. Rakosky.

32. While plaintiff was assigned to this position, Ms.
Rakosky recommended and I approved a monetary award for
plaintiff in the amount of $750, effective February 24, 2004.
Attachment 5.

33. On May 16, 2004, after SEA 102 received permission to
increase the number of its civilian billets, plaintiff was
reassigned to a GS-343-12 Management Analyst position in SEA

102.  The full performance level (FPL) of this position was a GS-12.  Attachment 6.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

3/22/07
Date

Michael K. Davis
Michael K. Davis

Standard Form 50—B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296—33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| MILLS, NADINE D. | | 219—56—0872 | 04—03—1952 | 06—26—2002 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5–A. Code 840 | 5–B. Nature of Action Individual Cash Award | 6–A. Code | 6–B. Nature of Action |
| 5–C. Code | 5–D. Legal Authority | 6–C. Code | 6–D. Legal Authority |
| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |

| 7. FROM: Position Title and Number | | | | | |
|---|---|---|---|---|---|
| MANAGEMENT ANALYST | | | | | |
| S9542 – 40597 | | | | | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| GS | 0343 | 12 | 06 | $64,975.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| $58,284.00 | $6,691.00 | $64,975.00 | $0 |

14. Name and Location of Position's Organization
OFFICE OF THE VICE COMMANDER
PROPERTY & INVENTORY SUPPT SVCES DIV
HQ NAVAL SEA SYSTEMS COMMAND

| 15. TO: Position Title and Number | | | | | |
|---|---|---|---|---|---|
| MANAGEMENT ANALYST | | | | | |
| S9542 – 40597 | | | | | |

| 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| | | | | $750.00 | |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| | | | |

22. Name and Location of Position's Organization
OFFICE OF THE VICE COMMANDER
PROPERTY & INVENTORY SUPPT SVCES DIV
HQ NAVAL SEA SYSTEMS COMMAND

## EMPLOYEE DATA

| 23. Veterans Preference | | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1 | 1 – None    3 – 10–Point/Disability    5 – 10–Point/Other | | 1   0 – None    2 – Conditional | | YES  X  NO |
| | 2 – 5–Point    4 – 10–Point/Compensable    6 – 10–Point/Compensable/30% | | 1 – Permanent    3 – Indefinite | | |

| 27. FEGLI | | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|---|
| R1 | Basic + Option B (3x) + Option A + Option C (1x) | 9   Not Applicable | |

| 30. Retirement Plan | | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part–Time Hours Per Biweekly Pay Period |
|---|---|---|---|---|
| 1 | CSRS | 04–05–1976 | F   Full–Time | |

## POSITION DATA

| 34. Position Occupied | | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|---|
| 1 | 1 – Competitive Service    3 – SES General | E   E – Exempt | NAVY I | 7777 |
| | 2 – Excepted Service    4 – SES Career Reserved | N – Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 110010001 | WASHINGTON / DISTRICT OF COLUMBIA / DISTRICT OF COLUMBIA |

| 40. Agency Data | 41. UIC: 00024 | 42. ORG: 09A3 | 43. CC: 0014 | 44. PAY OFF: CH/LOC ID: |
|---|---|---|---|---|

45. Remarks

ATTACHMENT  1

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| Naval Sea Systems Command (NV24) | |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | Jill A. Rockstrom |
|---|---|---|---|
| NV24 | 2416 | 06–26–2002 | Human Resources Asst  – Electronically Signed |

5–Part 50–316

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540–01–333–6238



**DEPARTMENT OF THE NAVY**

NAVAL SEA SYSTEMS COMMAND
1333 ISAAC HULL AVE SE
WASHINGTON NAVY YARD DC 20376-0001

IN REPLY TO
12000
Ser 10/255
3 Dec 2002

MEMORANDUM

From:  SEA 00B

Subj:  GUIDELINES FOR STAFFING POSITIONS IN NAVSEA HQ/PEOS

Ref:   (a) Agreements and Actions, B-Codes Meeting, 6 Nov 2002

Encl:  (1) NAVSEA HQ/PEO Staffing Guidelines

1.  In response to actions directed in reference (a), enclosure
(1) provides guidelines for filling positions in connection with
the on-going realignment within NAVSEA HQ/PEOs.

2.  If you have any questions regarding these policies, the SEA
10 point of contact is Mr. Bill McCafferty, Director of the
Human Resources/Equal Employment Opportunity (HR/EEO) Division
(SEA 107).

PETER F. BROWN
Executive Director

Distribution:
SEA 09, 01B, 02B, 03, 04B, 05B, 06B, 07B, 10B, 00I, 00L
DPEOs Carriers, IWS, LMW, SHIPS, SUB

Copy to:
AOs
SEA 107

ATTACHMENT 2

## NAVSEA HQ/PEO STAFFING GUIDELINES

1.   NAVSEA HQ/PEOs are currently undergoing a major realignment in order to become more efficient and effective. This document provides the guidelines and procedures which should be used to determine how civilian positions will be filled in the new structure, excluding SES positions.

2.   It is NAVSEA HQ/PEO policy to:

    a.   Achieve mandated reductions in civilian employment levels in a manner that ensures that the new organization is aligned with our customers' values, program requirements, and service needs, while minimizing adverse employment impact on our civilian workforce.

    b.   Accomplish workforce reductions through attrition and avoid involuntary separations through reduction in force (RIF), insofar as possible.

    c.   Effect placement actions within the new PEO/Directorate organizations in a manner that ensures that the best candidates fill new/vacated positions, complies with applicable merit promotion requirements, and encourages employees to compete for available placement opportunities.

    d.   Ensure that all placement decisions are based on merit.

    e.   Keep employees fully apprised of decisions which impact their employment to the maximum extent practicable.

3.   General Guidance:

    a.   NAVSEA HQ/PEOs will move to the FY04 organization size and shape as quickly as possible in FY03 by reassignments and/or competitions.

    b.   As attrition occurs, vacant positions in the final FY04 organizations will be filled from our current workforce.  Fill from external sources will be extremely limited and will require SEA 00B/SEA09 prior approval.

    c.   With the exception of encumbered career ladder positions which have already been competed, promotions will be extremely limited as we continue the hiring/promotion freeze. Our focus will continue to be on the placement of current employees in the new/vacant positions in the final FY04 organizations.

Enclosure (1)

d.    Approval to announce promotion opportunities and to conduct external recruitment will be controlled by SEA 00B/09.

e.    Keeping reimbursable positions filled will continue to be a high priority.  Vacant/new reimbursable positions will be competed as lateral reassignment opportunities with an area of consideration (AOC) of NAVSEA HQ/PEOs.  When necessary, management directed reassignments (MDRs) will be effected to keep reimbursable positions filled.

f.    Positions will be filled through either competitive procedures or MDR by applying the guidelines below.

g.    To ensure the maximum utilization of the existing workforce, PEOs/Directorates will staff their organizations starting with the most senior positions, i.e., GS-15s, then GS-14s, then GS-13s etc.

4.    Staffing Guidelines:

a.    <u>Promotions</u>.  With the exception of encumbered career ladder positions which have already been competed, all promotions will be competed.

b.    <u>Lateral Reassignments</u> to positions with no known promotion potential:

(1) <u>Reimbursably Funded Positions</u>.  All vacated or new reimbursably funded positions will be competed for lateral reassignment with an AOC of NAVSEA HQ/PEOs.  If competitions for lateral reassignment are not successful, reimbursable positions may be filled by MDR.

(2) <u>Direct Funded Positions</u>.

(a) Direct funded positions may be filled by MDR when:

(i) Qualified employees within the PEO/Directorate are essentially equal to FY04 staffing plan needs.

(ii) The employee to be reassigned is at the full performance grade level of the position or has previously successfully competed for the full performance grade level.

(b) Direct funded positions may be competed when:

(i) Qualified employees within the PEO/Directorate exceed FY04 staffing plan needs.

(ii) Qualified employees within the PEO/Directorate are less than FY04 staffing plan needs.

(iii) The position is in a substantially new organization, e.g., SEA 03.

(iv) The position is in a function undergoing merger/restructuring, e.g., financial, logistics, etc.

(3) <u>DAWIA Critical Acquisition Positions (CAPs)</u>. CAPs maybe filled by MDR when:

(a) Qualified employees within a PEO/Directorate are essentially equal to FY04 staffing plan needs; and/or

(b) The employee to be reassigned occupies a position with the same series and grade.

5.   Competitive Procedures:

a.  To receive maximum consideration as placement opportunities become available, all employees are strongly encouraged to submit their resumes to appropriate open continuous announcements in the Standard Automated Inventory Referral System (STAIRS) for occupations for which they are interested in being considered.

b.  Competitions will be conducted via STAIRS.

c.  Recruitment Flyers will also refer candidates to the appropriate STAIRS open continuous announcement.

d.  The AOC for all competed positions except CAPs (GS14 and above) will be NAVSEA HQ/PEOs for a minimum of 14 calendar days.

e.  Expansion of the AOC beyond NAVSEA HQ/PEOs requires SEA 09/00B approval.

f.  Competitions for CAPs (GS14 and above) will be announced Navy-wide for a minimum of 14 calendar days.

g.  The selecting official will review the STAIRS resumes, convene an Advisory Selection Panel (optional), conduct interviews (optional), and make the selection(s).

h.  Selected employees will be released to their new positions on the date mutually agreed to by the losing and gaining supervisors, but in no instance later than 14 days for

promotions and 30 days for reassignments from notification of selection.

6.    Employees Occupying Positions Which Are To Be Abolished:

   a.    NAVSEA's goal is to achieve required restructuring and downsizing without a RIF.

   b.    After completion of competitions and MDRs to fill positions within the PEO/Directorate FY04 staffing plans, it is expected that some employees will occupy positions which are to be abolished by the end of FY04.

   c.    Employees occupying positions which are to be abolished will:

      (1)  Be reassigned to the Directorate which is most closely aligned with their skills.  For example, logisticians will be reassigned to SEA 04 and budget/financial analysts will be reassigned to SEA 01.  Their positions in the PEOs will be abolished.

      (2)  Receive priority consideration for vacancies that occur in positions within PEO/Directorate FY04 staffing plans under the NAVSEA Placement Program (NPP) which is discussed below.

      (3)  Continue to work within an assigned Directorate until placement into a continuing position within the PEOs/Directorates can be made.

      (4)  Be detailed to other duties as workload priorities dictate.

      (5)  Be placed in continuing positions at NAVSEA field activities via MDR.

   d.    Should it become necessary to conduct a RIF in those series/grades in which we are not able to successfully downsize through attrition, placement rights for all employees will be determined by applying prescribed RIF placement and retention regulations.

7.   The NPP will:

   a.    Be comprised of employees whose positions have been identified for abolishment in PEO/Directorate approved FY04 staffing plans.  Employees in PEO positions which are being abolished will be realigned to a NAVSEA directorate.

4

Enclosure (1)

b.  Provide NPP members mandatory priority lateral reassignment into vacant continuing positions for which they qualify in approved PEO/Directorate FY04 staffing plans.

c.  Laterally reassign NPP members on a voluntary basis to the maximum extent practicable.  However, continuing FY04 staffing plan positions may be filled via MDR of NPP members to ensure that essential Command functions are performed.

d.  Require NPP members to enter their resumes into STAIRS for occupations for which they qualify.  The Command Human Resources/EEO Division (SEA 107) and the Human Resources Services Center Northwest (HRSC NW) will assist NPP members with resume preparation and submission to STAIRS.

e.  Provide NPP members priority for training and counseling to facilitate their placement in vacant continuing FY04 positions.  The Command Learning and Development Division (SEA 108) will provide advice on training opportunities.

f.  Require that PEOs/Directorates fill only continuing positions on their approved FY04 staffing plans.

h.  As vacancies occur in continuing positions on their approved FY04 staffing plans, PEOs/Directorates will follow the NPP steps below:

(1) PEOs/Directorates may first elect to laterally reassign a non-NPP member from within their organization.  This will result in a placement opportunity for NPP members in another continuing FY04 position within the PEO/Directorate.

(2) If no qualified employee is identified for internal later reassignment under the previous step, SEA 107 will requisition the resumes of qualified NPP members from the appropriate STAIRS open announcement.

(3) NPP members referred for selection consideration must:

(a) Meet minimum Office of Personnel Management qualification requirements for the vacant position;

(b) Be at, or have previously successfully competed for, the full performance grade level of the vacant position; and

(c) Be able to perform the duties of the position satisfactorily within six months, given reasonable supervision and training.

Enclosure (1)

(4) SEA 107, working with the Human Resources Service Center Northwest (HRSC NW), will make qualification determinations.

(5) PEOs/Directorates must select from among NPP members qualified for lateral reassignment.

(6) Placement disputes will be resolved by SEA 00B/09.

(7) If no qualified NPP member is available, a Recruitment Flyer will be issued soliciting candidates for internal lateral reassignment.

(8) If no suitable lateral reassignment candidate is identified, the PEO/Directorate may request SEA 00B/09 approval to announce the vacancy as a promotion opportunity with an AOC of NAVSEA HQ/PEOs for a minimum of 14 days.

(9) If no suitable internal promotion candidate is identified, the PEO/Directorate may request SEA 00B/09 approval to recruit the vacancy externally.

(10) Announcing a vacancy as a promotional opportunity or an external recruitment will be subject to the Priority Placement Program (PPP).

(11) SEA 107 and SEA 108 will assist NPP members with career transition including resume preparation, career counseling, federal vacancy announcement information, and advice on training opportunities.

(12) Supervisors are authorized to grant NPP members a reasonable amount of official time, not to interfere with mission-related work assignments, for job interviews and to prepare job applications and resumes.

(13) Use of government-owned computers and copiers by NPP members in the preparation of job applications and resumes is authorized.

Enclosure (1)

SEA 10 FY04 Grade Matrix

| | 03/22/03 On Boards | | | FY 04 Controls | | | FPL GRADE MATRIX (on board today vs. MDR/Compete/Abolish) | | | | | | | | | | | | | | | 4/14 Recruit | Certs | Actions | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Direct | Reimb | Total | Direct | Reimb | Total | SES | 15 | 14 | 13 | 12 | 11 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | Total | Actions | Rec'd | Complete | Notes |
| SEA 10 | 12 | 2 | 14 | 6 | 2 | 8 | 2 | | 1 | 3 | | 1 | 1 | | | | | | | | 8 | | | | |
| | | | | | | | 2 | 5 | 2 | 1 | 1 | 2 | 1 | | | | | | | | 14 | | | | 1 |
| MDR | | | | | | | 2 | 1 | 2 | | | 1 | 1 | | | | | | | | 7 | | | | |
| C | | | | | | | | | 1 | | | | | | | | | | | | 1 | 1 | | | |
| A | | | | | | | | | 4 | | 1 | 1 | | | | | | | | | 7 | | | | |
| 101 | 112 | | 112 | 93 | | 93 | | 6 | 2 | 5 | | 9 | 15 | 44 | 7 | | | | | | 93 | | | | |
| | | | | | | | 0 | 1 | 1 | 5 | 4 | 5 | 5 | 10 | 24 | 46 | 11 | | | | 112 | | | | |
| MDR | | | | | | | | 1 | 1 | 4 | 2 | 4 | 9 | 15 | 44 | 7 | | | | | 87 | | | | |
| C | | | | | | | | | 2 | | | 1 | 3 | | | 0 | | | | | 6 | 6 | 1 | 1 | |
| A | | | | | | | | | | | | 1 | | | 5 | 2 | 4 | | | | 12 | | | | 2 |
| T | | | | | | | | | 1 | 2 | | 1 | | 1 | 4 | | | | | | 10 | | | | 3 |
| 102 | 16 | | 16 | 12 | | 12 | | 1 | 1 | 2 | 1 | 5 | 2 | | | | | | | | 12 | | | | |
| | | | | | | | 0 | 1 | 1 | 3 | 2 | 6 | 2 | 1 | | | | | | | 16 | | | | |
| MDR | | | | | | | | 1 | 1 | | 1 | | 2 | | | | | | | | 5 | | | | |
| C | | | | | | | | | 2 | | | 1 | | 1 | | | | | | | 7 | 7 | | | |
| A | | | | | | | | | 1 | 1 | | 1 | | 1 | | | | | | | 4 | | | | |
| 103 | 19 | | 19 | 16 | | 16 | | 1 | 1 | 7 | 2 | 2 | | 1 | | 1 | | | | | 16 | | | | |
| | | | | | | | 0 | 1 | 1 | 8 | 3 | 2 | 2 | | 1 | | 1 | | | | 19 | | | | |
| MDR | | | | | | | | 1 | 1 | | | | | | | | | | | | 5 | | | | |
| C | | | | | | | | | | 7 | 2 | 2 | | | | | | | | | 11 | 11 | 2 | 2 | |
| A | | | | | | | | | 1 | 1 | | | | 1 | | | | | | | 3 | | | | |
| 104 | 20 | | 20 | 21 | | 21 | | 1 | 4 | 9 | 6 | | 1 | | 2 | | | | | | 21 | | | | |
| | | | | | | | 0 | 1 | 2 | 8 | 6 | | 1 | | 2 | | | | | | 20 | | | | |
| MDR | | | | | | | | 1 | 2 | 8 | 6 | | 1 | | | | | | | | 18 | | | | |
| C | | | | | | | | | 2 | 1 | | | | | | | | | | | 3 | 1 | | | |
| A | | | | | | | | | | | | | | | | | | | | | 0 | | | | |
| T | | | | | | | | | | | | | 2 | | | | | | | | 2 | | | | 4 |
| 105 | 19 | | 19 | 15 | | 15 | | 4 | 4 | 9 | 1 | 1 | | | | | | | | | 15 | | | | |
| | | | | | | | 0 | 4 | 4 | 9 | 1 | 1 | | | | | | | | | 19 | | | | |
| MDR | | | | | | | | | | | | 1 | | | | | | | | | 1 | | | | |
| C | | | | | | | | | 2 | 6 | 6 | | | | | | | | | | 14 | 14 | 3 | | |
| A | | | | | | | | | 2 | 1 | | 3 | | | | | | | | | 6 | | | | |
| 106 | 5 | | 5 | 4 | | 4 | | 1 | 1 | 2 | | | | | | | | | | | 4 | | | | |
| | | | | | | | 0 | 1 | 1 | 2 | 1 | | | | | | | | | | 5 | | | | |
| MDR | | | | | | | | 1 | 1 | | 2 | | | | | | | | | | 4 | | | | |
| C | | | | | | | | | | | | | | | | | | | | | 0 | 0 | | | |
| A | | | | | | | | | | 1 | | | | | | | | | | | 1 | | | | |
| 107 | 22 | | 22 | 21 | | 21 | | 1 | 4 | 9 | 6 | | 1 | | 1 | | | | | | 21 | | | | |
| | | | | | | | 0 | 1 | 3 | 9 | 6 | 1 | | 1 | 1 | | | | | | 22 | | | | |
| MDR | | | | | | | | 1 | 2 | 9 | | | 1 | | | | | | | | 14 | | | | |
| C | | | | | | | | | 2 | | 5 | | | | | | | | | | 7 | 7 | 3 | | |
| A | | | | | | | | | 1 | | 1 | | | | | | | | | | 2 | | | | |
| 108 | 14 | | 14 | 11 | | 11 | | 2 | 2 | 4 | 1 | | 2 | | | | | | | | 11 | | | | |
| | | | | | | | 0 | 3 | 2 | 5 | 1 | | 3 | | | | | | | | 14 | | | | 5 |
| MDR | | | | | | | | | | | | | | | | | | | | | 6 | | | | |
| C | | | | | | | | 1 | 2 | | | 2 | | | | | | | | | 5 | 4 | 1 | | 6 |
| A | | | | | | | | 1 | | 1 | 1 | 1 | | | | | | | | | 4 | | | | |
| 108Y | 29 | | 29 | 25 | | 25 | | 9 | 16 | | | | | | | | | | | | 25 | | | | |
| | | | | | | | 0 | 9 | 20 | | | | | | | | | | | | 29 | | | | |
| MDR | | | | | | | | 9 | 16 | | | | | | | | | | | | 25 | | | | |
| C | | | | | | | | | | | | | | | | | | | | | 0 | 0 | | | |
| A | | | | | | | | | 4 | | | | | | | | | | | | 4 | | | | |
| SUBTOTAL w/out 380 | 268 | 2 | 270 | 224 | 2 | 226 | 2 | 10 | 32 | 57 | 23 | 12 | 8 | 13 | 16 | 44 | 8 | 0 | 0 | | 226 | | | | |
| | | | | | | | 2 | 15 | 27 | 65 | 30 | 16 | 12 | 1 | 17 | 27 | 46 | 12 | 0 | 0 | 270 | | | | |
| MDR | | | | | | | 2 | 7 | 19 | 39 | 15 | 5 | 5 | 11 | 16 | 44 | 8 | 0 | 0 | | 172 | | | | |
| C | | | | | | | 0 | 3 | 13 | 18 | 8 | 7 | 3 | 0 | 2 | 0 | 0 | 0 | 0 | | 54 | 51 | 10 | 3 | |
| A | | | | | | | 0 | 6 | 1 | 10 | 5 | 4 | 3 | 0 | 1 | 7 | 2 | 4 | 0 | 0 | 43 | | | | |
| T | | | | | | | 0 | 0 | 0 | 1 | 2 | 1 | 1 | 0 | 3 | 4 | 0 | 0 | 0 | 0 | 12 | | | | |

ATTACHMENT 3

SEA 10 FY04 Grade Matrix

| | 03/22/03 On Boards | | | FY 04 Controls | | | FPL GRADE MATRIX (on board today vs. MDR/Compete/Abolish) | | | | | | | | | | | | | | 4/14 Recruit | Certs | Actions | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Direct | Reimb | Total | Direct | Reimb | Total | SES | 15 | 14 | 13 | 12 | 11 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | Total | Actions | Rec'd | Complete | |
| PMS 380 | 1 | 74 | 75 | 1 | 78 | 79 | | 11 | 3 | 46 | 19 | | | | | | | | | | 79 | | | | |
| | | | | | | | 0 | 11 | 3 | 43 | 18 | | | | | | | | | | 75 | | | | |
| | | | | MDR | | | | 11 | 3 | 43 | 18 | | | | | | | | | | 75 | | | | |
| | | | | C | | | | | 3 | 1 | | | | | | | | | | 4 | 0 | | | |
| | | | | A | | | | | | | | | | | | | | | | 0 | | | | |
| TOTAL | 269 | 76 | 345 | 225 | 80 | 305 | 2 | 21 | 35 | 103 | 42 | 12 | 8 | 1 | 13 | 16 | 44 | 8 | 0 | 0 | 305 | | | | |
| | | | | | | | 2 | 26 | 30 | 108 | 48 | 16 | 12 | 1 | 17 | 27 | 46 | 12 | 0 | 0 | 345 | | | | |
| | | | | MDR | | | 2 | 18 | 22 | 82 | 33 | 5 | 5 | 1 | 11 | 16 | 44 | 8 | 0 | 0 | 247 | | | | |
| | | | | C | | | 0 | 3 | 13 | 21 | 9 | 7 | 3 | 0 | 2 | 0 | 0 | 0 | 0 | 0 | 58 | | | | |
| | | | | A | | | 0 | 6 | 1 | 10 | 5 | 4 | 3 | 0 | 1 | 7 | 2 | 4 | 0 | 0 | 43 | | | | |
| | | | | T | | | 0 | 0 | 0 | 1 | 2 | 1 | 1 | 0 | 3 | 4 | 0 | 0 | 0 | 0 | 12 | | | | |

Notes:
1) Total MDR actions include 2 Reimbursable billets.
2) Not competing the BSC positions as they are attriting so quickly we will soon be at control
3) Transfer of 4 billets to NDW (1-13, 2-12s,1-11) for AGC and 6 billets to FISC (1-09, 1-07, 4-06s) for Mail Room.
4) Transfer of 2 billets to NDW (2-07s) for Badging Office
5) Total GS-12 positions does not include two (2) PMI accepted service positions.
6) David Breslin/NSWC acting in SEA 108 position - will not be advertised at this time

Yellow - onboards
Blue - controls

G:\SEA10/Realignment/Grade Matrix_041803.xls



**Human Resources Service Center, Northwest**
**3230 NW Randall Way**
**Silverdale, WA  98383**

# NONCOMPETITIVE CERTIFICATE

*Privacy Act data found on documents accompanying this certificate must be safeguarded*

| | | | |
|---|---|---|---|
| **REQUISITION NUMBER:** | CAPNWC03-0343-13-184165 | **SELECTING OFFICIAL** | **Mary Lou Rakosky** |
| **DATE ISSUED:** | 04/29/2003 | **SELECTING OFF PHONE** | 202-781-4719 |
| **POSITION TITLE** | SUPV PROGRAM ANALYST | **HRSC RECRUITER:** | Jennifer Schiller |
| **TARGET LEVEL** | GS 13 | **PP/SERIES/GRADE:** | GS-0343-13 |
| **DUTY LOCATION 102** | HQ NAVSEA | **SEARCH OPTION USED:** | **ANNOUNCEMENT** |
| | WASHINGTON DC   DC | | |

**INSTRUCTIONS:**

1. Assess each candidate's experience, training, performance, awards, etc. against job-related criteria, and in conjunction with applicable merit staffing or bargaining unit agreements.

2. It is recommended that you document, for your personal files, any selection criteria used, interview questions and responses, and/or any other information you think may be relevant in a selection inquiry.

3. Make your selection(s). Selection(s) should be made from candidates who best possess the knowledge, skills, and/or abilities required to successfully perform the job. Indicate your selections(s) by placing "S1" next to the name of your first choice, "S2" next to the name of your alternate or second choice, etc. To expedite processing, it is recommended you consider selecting alternatives in the event of declination.

4. Sign and date the certificate, then return to your Human Resources Representative. All position offers will be made by a Human Resources Representative once it has been determined that selectee(s) meet necessary appointing requirements.

5. Questions regarding interview, panel, or selection procedures should be addressed to your Human Resources Representative.

| SELECTION ACTION | CATEGORY | | NAME | PHONE |
|---|---|---|---|---|
| | Non Competitive | | Anderson,Joseph | (202) 781-0007 - Work |
| S | Non Competitive | Supervisor | Bradford,Earl | 322-0456 - Work |
| S | Non Competitive | | Height,Sammy | (322) 781-2474 - Work |
| S | Non Competitive | | Paige,Lynnelle | (202) 781-2493 - Work |

☐ No Selection made from this certificate.

Michael K. Davis                    5/8/03

SIGNATURE OF SELECTING OFFICIAL              DATE

SIGNATURE OF REVIEWING OFFICIAL              DATE
(IF APPLICABLE)

ATTACHMENT 4

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| MILLS, NADINE D. | 219–56–0872 | 04–03–1952 | 02–24–2004 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code **840** | 5-B. Nature of Action **Individual Cash Award** | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MGMT & PROGRAM ANALYST S3B118 – 121638 | MGMT & PROGRAM ANALYST S3B118 – 121638 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19.Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 0343 | 12 | 07 | $71,165.00 | PA | | | | | $750.00 | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $62,739.00 | $8,426.00 | $71,165.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| DEPUTY COMMANDER CORPORATE OPERATIONS DIRECTORATE HQ NAVAL SEA SYS CMD WASH DC | DEPUTY COMMANDER CORPORATE OPERATIONS DIRECTORATE HQ NAVAL SEA SYS CMD WASH DC |

### EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 — 1-None  3 – 10-Point/Disability  5 – 10-Point/Other<br>2 – 5-Point  4 – 10-Point/Compensable  6 – 10-Point/Compensable/30% | 1 — 0 – None  2 – Conditional<br>1 – Permanent  3 – Indefinite | | YES **X** NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| R1  Basic + Option B (3x) + Option A + Option C (1x) | 9  Not Applicable | |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| 1  CSRS | 04–05–1976 | F  Full–Time | |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 — 1 – Competitive Service  3 – SES General<br>2 – Excepted Service  4 – SES Career Reserved | E  E – Exempt  N – Nonexempt | NAVY | | 7777 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 110400001 | WASHINGTON NAVY YARD / DISTRICT OF COLUMBIA / DISTRICT OF COLUMBIA |

| 40. Agency Data | 41. UIC: 00024 | 42. ORG: 10 | 43. CC: 0017 | 44. PAY OFF: CH/LOC ID: |
|---|---|---|---|---|

45. Remarks

ATTACHMENT 5

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| Naval Sea Systems Command (NV24) | Carol A. Trice |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | Human Resources Asst – Electronically Signed |
|---|---|---|---|
| NV24 | 2416 | 02–24–2004 | |

5–Part 50–316

TURN OVER FOR IMPORTANT INFORMATION

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540–01–333–6238

**NOTIFICATION OF PERSONNEL ACTION**

FORM 50-B
Office of Personnel Management
FPM Supp. 296-33, Subch. 4

| | |
|---|---|
| 1. Name (Last, First, Middle)<br>LS, NADINE D. | 2. Social Security Number **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**   3. Date of Birth **04-03-1952**   4. Effective Date **05-16-2004** |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code **721** | 5-B. Nature of Action **Reassignment** | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code **N2M** | 5-D. Legal Authority **Reg 335.102** | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MGMT & PROGRAM ANALYST<br>S3B118 – 121638 | MANAGEMENT ANALYST<br>S4181 – 128655 |

| 8. Pay Plan GS | 9. Occ. Code 0343 | 10. Grade/Level 12 | 11. Step/Rate 07 | 12. Total Salary $72,764.00 | 13. Pay Basis PA | 16. Pay Plan GS | 17. Occ. Code 0343 | 18. Grade/Level 12 | 19. Step/Rate 07 | 20. Total Salary/Award $72,764.00 | 21. Pay Basis PA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12A. Basic Pay $63,477.00 | 12B. Locality Adj. $9,287.00 | 12C. Adj. Basic Pay $72,764.00 | 12D. Other Pay $0 | | | 20A. Basic Pay $63,477.00 | 20B. Locality Adj. $9,287.00 | 20C. Adj. Basic Pay $72,764.00 | 20D. Other Pay $0 | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| DEPUTY COMMANDER<br>CORPORATE OPERATIONS DIRECTORATE<br>HQ NAVAL SEA SYS CMD WASH DC | CLERICAL SUPPORT BRANCH<br>ADMINISTRATIVE SUPPORT DIVISION<br>CORPORATE OPERATIONS DIRECTORATE<br>HQ NAVAL SEA SYS CMD WASH DC |

**EMPLOYEE DATA**

| 23. Veterans Preference **1** <br>1 – None  3 – 10-Point/Disability  5 – 10-Point/Other<br>2 – 5-Point  4 – 10-Point/Compensable  6 – 10-Point/Compensable/30% | 24. Tenure **1** <br>0 – None  2 – Conditional<br>1 – Permanent  3 – Indefinite | 25. Agency Use | 26. Veterans Preference for RIF  YES [X] NO |
|---|---|---|---|
| 27. FEGLI **R1**  Basic + Option B (3x) + Option A + Option C (1x) | | 28. Annuitant Indicator **9** Not Applicable | 29. Pay Rate Determinant **0** |
| 30. Retirement Plan **1**  CSRS | 31. Service Comp. Date (Leave) **04-05-1976** | 32. Work Schedule **F** Full-Time | 33. Part-Time Hours Per Biweekly Pay Period |

**POSITION DATA**

| 34. Position Occupied **1** <br>1 – Competitive Service  3 – SES General<br>2 – Excepted Service  4 – SES Career Reserved | 35. FLSA Category **E** <br>E – Exempt<br>N – Nonexempt | 36. Appropriation Code **NAVY !** | 37. Bargaining Unit Status **7777** |
|---|---|---|---|
| 38. Duty Station Code **110400001** | 39. Duty Station (City – County – State or Overseas Location)<br>**WASHINGTON NAVY YARD / DISTRICT OF COLUMBIA / DISTRICT OF COLUMBIA** | | |

| 40. Agency Data | 41. UIC: 00024 | 42. ORG: 1021 | 43. CC: 0017 | 44. PAY OFF: CH/LOC ID: |
|---|---|---|---|---|

45. Remarks

Position is at the full performance level.

Employee informed in advance of the reasons for the reassignment.

ATTACHMENT 6

| 46. Employing Department or Agency<br>Naval Sea Systems Command (NV24) | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| 47. Agency Code **NV24**   48. Personnel Office ID **2416**   49. Approval Date **06-04-2004** | Pamela S. Daniel<br>HR Asst – Electronically Signed |

5–Part 50–316

TURN OVER FOR IMPORTANT INFORMATION

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-332-6238