IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NADINE D. MILLS,                       )<br>                                                    )<br>            Plaintiff,          )<br>                                                    )<br>        v.                                      )<br>                                                    )<br>DONALD WINTER,              )<br>SECRETARY of the NAVY,  )<br>                                                    )<br>            Defendant.       )<br>_____) | Civil Action No. 06-0581(PLF) |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### OPPOSITION TO MOTION FOR SUMMARY JUDGMENT[1]

In reply to Plaintiff's opposition for summary judgment, Defendant states the following.

1. Plaintiff claims that the Navy "discriminatorily" manipulated the selection process which resulted in her not being selected for a GS-13 position (Mtn. at 5). Yet, Plaintiff has produced no evidence to support that allegation. First, Plaintiff has not rebutted Defendant's articulated legitimate reason for having a second non-supervisory GS-13; that is, two non-supervisory GS-13s were the best way to reorganize the facilities branch of SEA 102. And second, Plaintiff has not rebutted the evidence that she was not eligible for a lateral reassignment to a GS-13 position as was the selectee.

---

[1] Plaintiff captions her pleading as a "Motion for Summary Judgment," however, her motion makes clear that she is really opposing Defendant's request for a summary judgment.

2.      Furthermore, Plaintiff failed to rebut Defendant's evidence that under the Navy's realignment guidelines, merit promotion (i.e., competitive) procedures could not be used unless an organization was unable to fill a position via a lateral reassignment.[2] Moreover, Plaintiff has introduced no evidence that had competitive procedures been used, she would have been selected for a GS-13 position in the facilities division over Paige. Plaintiff concedes that she was less qualified than the selectee for the GS-12 Facilities Coordinator position. Therefore, Plaintiff cannot logically argue that she was more qualified than the selectee for a GS-13 facilities position. (See Statement of Material Facts As To Which There is No Genuine Dispute para. 33).

3.      Finally, as demonstrated in its summary judgment motion[3], Defendant did not retaliate against Plaintiff when (1) it decided to abolish the GS-343-12 position encumbered by plaintiff; and, (2) it reassigned her to the NAVSEA Placement Program (NPP). Plaintiff does not rebut the Navy's articulated legitimate, non-retaliatory reasons for taking the challenged actions. In fact, Plaintiff fails to address her claims that the Navy unlawfully decided to abolish her GS-12 position and reassign her to the NAVSEA Placement Program (NPP). She does not dispute that as part of a larger realignment at

---

[2] Plaintiff proffers her unsworn statement that management officials did not tell her that it had cancelled the GS-12 position and failed to inform her that someone else had been selected for a GS-13 position. This statement does not rebut the Navy's articulated legitimate reason for creating a second non-supervisory GS-13 position and for selecting another person for the position.

[3] Plaintiff presents no evidence that she administratively exhausted her non-selection claim or that she preserved any claims associated with various events occurring between October 1999 and November 2002. See fn.1 to Defendant's motion. Thus, Defendant's motion to dismiss is unopposed and should be granted.

NAVSEA Headquarters (NAVSEA HQ), SEA 102 was required to reduce the number of civilian billets by four.  Nor does she dispute any of the facts underlying the rationale for eliminating the GS-343-12 position she encumbered.  Thus, retaliation had nothing to do with Plaintiff's position being eliminated.[4]

## Conclusion

For the above stated reason, Defendant's motion for summary judgment should be granted.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4212
Washington, D.C. 20530

Of Counsel
Dale Birdoff
U.S. Department of Navy

---

[4] Plaintiff fails to offer any evidence that she even suffered an adverse employment action when her billet was eliminated and she was temporarily transferred into the NAVSEA Placement Program (NPP).  As set forth in the Navy's brief, Plaintiff continued to support SEA 102, performing the same job duties she had previously performed, in the same physical location, and while maintaining the same grade level and pay.  Plaintiff does not contest any of the facts showing that she did not suffer an adverse employment action.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of December, 2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

Nadine Mills
5006 Woodford Lane
Upper Marlboro, Maryland 20772

                /s/_____
                BLANCHE L. BRUCE, D.C. BAR # 960245
                Assistant United States Attorney